# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DALE DEANTE FREEMAN,

    Petitioner,                                                Case Number 1:18-CV-10519

                                                             Honorable Thomas L. Ludington
V.                                                          United States District Judge

CONNIE HORTON,

    Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Dale Deante Freeman is currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. On February 13, 2018, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 28, 2018, Magistrate Judge R. Steven Whalen ordered Petitioner to submit a $5.00 fee for filing a habeas corpus petition or an application to proceed *in forma pauperis* within twenty one days of the order. ECF No. 3, 5. To date, Petitioner has failed to submit either the filing fee or an application to proceed *in forma pauperis*. Because the Petitioner has not complied with the Court's order, the petition for writ of habeas corpus will be dismissed without prejudice.[1]

**I.**

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order, regarding the prisoner's failure to pay the full filing fee and his

---

[1] Magistrate Judge Whalen separately signed an order for Petitioner to provide additional copies of the petition for writ of habeas corpus for service upon the respondent. ECF No. 4. Petitioner has since provided service copies of the petition, but did not submit the filing fee or the application to proceed *in forma pauperis*.

failure to provide the required documentation to apply to proceed *in forma pauperis*, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution. *See Gravitt v. Tyszkiewicz,* 14 Fed. App'x. 348, 349 (6th Cir. 2001) (unpublished) (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)). The deficiency order clearly stated that Petitioner was required to submit either the $ 5.00 filing fee or an application to proceed *in forma pauperis*. The deficiency order also expressly warned the Petitioner that failure to comply with the order could result in the dismissal of his action. Because Petitioner failed to pay the filing fee or submit the required application to proceed *in forma pauperis*, his petition is subject to dismissal for want of prosecution. *Gravitt,* 14 Fed. App'x. at 349.

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason could debate whether the petitioner states a valid claim of the denial of a constitutional right or whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Because the

dismissal of the petition based on the petitioner's failure to cure his filing deficiency would not be debatable amongst jurists of reason, Petitioner will be denied a certificate of appealability. *See Soeken v. Estep,* 270 F. App'x. 734, 735–36 (10th Cir. 2008).

**II.**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

It is further **ORDERED** that Petitioner is **DENIED** a certificate of appealability.

Dated: April 17, 2018	s/Thomas L. Ludington
	THOMAS L. LUDINGTON
	United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 17, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager